†John M. Naylor v. Wildman Loomis et al.

Words Indicating Intention of Testator—Entailment Restricted by Statute.

A devise to a son " and his heirs to the third generation," is an entailment within the meaning of section 4200, Revised Statutes. Under the provisions of that section, the son takes a life estate, and his heirs an absolute estate in fee-simple.

---

†This case in the supreme court was dismissed for want of preparation. 3 Legal News, 447.

ON APPEAL from the Court of Common Pleas of Seneca county.

MOORE, J.

The only question involved in this case is the construction to be placed upon the will of Ruel Loomis.

Ruel Loomis executed his will on the fifteenth day of August, 1852. Soon thereafter he deceased, and on August 21, 1852, his will was duly admitted to probate. At the time of executing such will the defendants, Wildman Loomis, son of Ruel and Omar Loomis, and George Loomis, children of Wildman, were in being. Afterwards one daughter, Lucy, was born to Wildman, who afterwards intermarried with one Weagly. The daughter died, leaving issue, being the defendants Amos, Frank and Elmer Weagly, and Laura Lance.

The controversy arises upon the following provision of the will, and I only quote so much of the will as presents the question:

"I give and bequeath to my beloved wife, in lieu of her dower, the farm on which we now reside, situate in the township of Eden, county of Seneca, state of Ohio, containing eighty-eight acres, during her natural life, and all the stock, household goods, furniture, provisions and other goods and chattels, which may be thereon at the time of my decease, during her natural life as aforesaid. * * At the death of my said wife, the real estate aforesaid, and such part of my personal property or proceeds thereof after all my just debts and expenses are paid, I give and devise to my son Wildman Loomis and his heirs, to the third generation," The widow of Ruel Loomis died in 1858.

It is claimed on the part of the plaintiff that Wildman Loomis took an estate in fee simple. On the other hand it is claimed that he took an estate tail, and that the remainder in fee vests in the issue of Wildman Loomis.

"In the construction of a will, it is well settled as a paramount rule, in this state, that the intention of the testator, as gathered from the whole will, must control, when such intention is not in conflict with the law or against public policy." *Carter* v. *Reddish et al.*, 32 Ohio St., 1.

If it had been the intention of the testator to give to Wildman Loomis an estate in fee simple, the words "and his heirs to the third generation" are entirely superfluous. No words of inheritance or perpetuity are essential in a will to pass an estate in fee.

The words were used for some purpose. Wildman Loomis, at the time the devise was made, had two children, heirs of his body, living. The testator used the word "generation" indicating the heirs in lineal descent. So that it clearly appears that the testator intended, by the term heirs to the third generation, the children of Wildman Loomis and their issue to the third generation. This limits the estate to the issue or heirs of the body of Wildman Loomis, and not to his heirs in general. This creates an estate tail, and comes within the rule laid down by Washburn, that in order to create an estate tail, there must be a limitation in express terms, or by direct reference not only to heirs, but to heirs of the donee's body.

We have said that in the construction of wills, it is a well settled rule that the intention of the testator must govern, so far as the law will permit. It is clear in this case that the testator, Ruel Loomis, intended to keep the estate devised in the family of his son, Wildman Loomis, and their lineal descendants. This he could do just so long as the statute would permit. It was also competent for the testator to carve out life estates and devise the remainder in fee tail to the issue of Wildman Loomis.

Wildman Loomis is the first donee in tail, and then, by operation of the statute "to restrict the entailment of real estate," the issue of Wildman Loomis would take a fee-simple. That statute reads: "No estate in fee simple, fee tail or any lesser estate, in lands or tenements lying within this state, shall be given or granted by deed or will to any person or persons, but such as are in being or the immediate issue or descendants of such as are in being at the time of making such deed or will; and all estates given in tail shall be and remain an abso-

lute estate in fee simple, to the issue of the first donee in tail." Revised Statutes, section 4200. This statute was in force at the time the will of Ruel Loomis was executed.

With this view of the case, Wildman Loomis was the first donee in tail, and has but a life estate. The other defendants which I have named, being the issue of the first donee in tail, will, under the statute read, take an absolute estate in fee simple.

The decree of the court will be in accordance with the views here expressed An account will be taken of amount due plaintiff, and decree that the life estate of Wildman Loomis be sold and proceeds applied as follows:

1st—To pay taxes on duplicate.

2d—The costs of this action.

3d—To amount found due plaintiff.

And a special mandate shall be sent to the common pleas court to carry this decree into execution.

*Ridgley & Abbot* and *McCauley & Weller*, for Plaintiff.

*Noble, Keppel & Noble*, for Defendants.